**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | ) | CASE NO. 4:25-cv-295 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| NORTHEAST OHIO CORRECTIONAL | ) | |
| CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are multiple motions filed by plaintiff Christopher Foster ("Foster"). First, Foster filed three motions which the Court construes as requesting leave to amend Foster's complaint and serve it upon the State of Ohio. (Doc. Nos. 35–37 (Motions for Leave).)[1] Second, Foster moves to reopen this case under Rule 60(b)(3). (Doc. No. 40 (Rule 60(b)(3) Motion).) Briefing on all motions has now closed. For the reasons stated below, the motions are **DENIED**.

**I.     BACKGROUND[2]**

On February 14, 2025, Foster filed the complaint in this action against defendant Northeast Ohio Correctional Center ("NEOCC" or "defendant"), asserting a claim for breach of contract and claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). (Doc.

---

[1] Foster also filed a motion for leave to reply in support of Doc. No. 36. (Doc. No. 41.) Because Foster does not require leave to reply, and because the motion for leave to reply contains the substance of Foster's proposed reply, the Court construes the motion as a reply in support of Doc. No. 36.

[2] The factual background of this case is more fully set out in the Court's opinion and order dismissing Foster's complaint (Doc. No. 25 (Dismissal Opinion and Order)) and the Court's opinion and order denying Foster's Rule 60(b)(1) motion. (Doc. No. 34 (Opinion and Order on Rule 60(b)(1) Motion).) Herein, the Court provides only the relevant procedural history.

No. 1 (Complaint); Doc. No. 13 (Supplement to Complaint).) The complaint sought wide ranging relief, including $5.4 billion in damages for the alleged contract breach, $2,222,222,222 in additional damages, and various forms of equitable relief. (Doc. No. 1, at 12–14.)³

The Court dismissed the complaint with prejudice on August 8, 2025. (Doc. No. 25, at 8.) The Court held that Foster could not maintain any claim against NEOCC because it is a non-jural entity. (*Id.* at 5–6.) Next, the Court held that, even if NEOCC were a jural entity, the complaint failed to state a facially plausible claim. (*Id.* at 6–8.) The court then entered final judgment. (Doc. No. 26 (Judgment Entry).)

Shortly after, Foster moved under Rule 60(b)(1) to reopen the case. (Doc. No. 27 (Rule 60(b)(1) Motion).) In his Rule 60(b)(1) motion, Foster argued primarily that (1) he had sued the State of Ohio, not NEOCC (*id.* at 2–4), and (2) that he had adequately stated claims for relief. (*Id.* at 5–6.) The Court rejected both arguments. (*See generally* Doc. No. 34.)

Foster now moves to reopen this case under Rule 60(b)(3), arguing that "[d]efendant's lawyer did not give true information to this Court[.]" (Doc. No. 40, at 1.) Foster further moves to add Ohio as a party and serve Ohio, arguing once again that "[t]he State [of Ohio] [] has always been the only [d]efendant" (Doc. No. 37, at 2 (record citation omitted)) and that his failure to name and serve Ohio as a defendant was a mistake the Court should allow him to correct. (Doc. No. 35, at 1, 3; Doc. No. 36, at 1, 4.)

## II. LEGAL STANDARD

To obtain relief from a final judgment under Rule 60(b)(3), a movant must establish "by

---

³ All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

clear and convincing evidence that [the nonmovant] deliberately engaged in some act of fraud, misrepresentation or other misconduct that adversely affected the fairness of the proceedings." *Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F. App'x 823, 827 (6th Cir. 2014) (citation omitted). "Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2008) (citations omitted). A "misrepresentation" is an affirmative misstatement. *See Jordan v. Paccar, Inc.*, 97 F.3d 1452, 1996 WL 528950, at *6 (6th Cir. 1996) (citing *Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 41–42 (6th Cir. 1991)). Finally, "misconduct" reaches "questionable behavior affecting the fairness of litigation[.]" *Id.* At bottom, Rule 60(b)(3) requires "a deliberate act that adversely impacted the fairness of the relevant legal proceeding[.]" *Info-Hold, Inc.*, 538 F.3d at 455 (quoting *Jordan*, 1996 WL 528950, at *6).

Generally, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). But it "is a different story" when a motion for leave to amend comes after entry of final judgment. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or 60." *Pond v. Haas*, 674 F. App'x 466, 472 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). In other words, a movant seeking post-judgment leave to amend "must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC*, 616 F.3d at 616 (citations omitted).

### III. DISCUSSION

#### a. *Foster's Rule 60(b)(3) Motion is Denied*

While his filings are difficult to follow, Foster appears to base his Rule 60(b)(3) motion on three grounds. First, Foster repeats his argument that Ohio has been the defendant in this case since its inception. (Doc. No. 40, at 2–3; Doc. No. 46, at 5.) Second, he appears to allege that he was retaliated against because of his actions related to this litigation. (Doc. No. 40, at 3–4.) Finally, Foster alleges that defendant's lawyers failed to provide truthful information to this Court. (*Id.* at 4; Doc. No. 46, at 1–3.) Each argument fails.

First, the Court will not consider the argument that Ohio is a defendant in this case. "A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues." *McNeil v. United States*, 113 F. App'x 95, 98–99 (6th Cir. 2004) (citation omitted). The Court has already decided the identity of the defendant here. (*See* Doc. No. 34, at 4–5.) That Foster cites purportedly "new" evidence and case law on the issue (*see e.g.,* Doc. No. 40, at 2) makes no difference. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." (citation omitted)). The Court accordingly denies Foster's Rule 60(b)(3) motion to the extent it seeks to relitigate the identity of the defendant.

Second, even assuming that Rule 60(b)(3) covers the retaliation Foster alleges, Foster fails to support his allegations with clear and convincing evidence. Foster alleges that NEOCC "used force on" him for refusing to abandon this suit. (Doc. No. 40, at 3.) In support of his allegations, Foster provides only communications vaguely referencing some "use of force" in March of 2025 (Doc. Nos. 36-1; 37-3; 40-3) and conduct reports indicating that Foster was written up for making

4

a disturbance. (Doc. Nos. 37-2; 40-4.) At most, this evidence could support a finding that force was used against Foster. But there are any number of permissible reasons prison staff may use force. *See e.g., Weaver v. Altiere*, No. 4:14-cv-2399, 2016 WL 1618146, at *3 (N.D. Ohio Apr. 22, 2016) (prison staff may use force "in a good faith effort for valid penological purposes." (citations omitted)). Foster fails to provide evidence indicating that force was used against him in bad faith or for any impermissible purpose such as retaliation. Foster thus fails to provide sufficient evidence to support his allegations of misconduct.

Finally, Foster argues that "the [d]efendant's lawyer did not give true information to this Court[.]" (Doc. No. 40, at 1.) Foster appears to allege that NEOCC's lawyers (1) failed to disclose NEOCC's alleged copying of Foster's mail (*id.* at 4); (2) failed to disclose some "implied in fact contract" they had with Foster (*id.*; Doc. No. 46, at 1); and (3) falsely argued that NEOCC is not a "State agency[.]" (Doc. No. 46, at 3.) Even if Foster provided clear and convincing evidence to support these allegations, they fail to justify any relief under Rule 60(b)(3).

First, Foster fails to establish that the alleged failures to disclose are actionable under Rule 60(b)(3). To constitute fraud for the purposes of Rule 60(b)(3), a failure to disclose must be accompanied by a duty to disclose. *See Info-Hold, Inc.*, 538 F.3d at 456 ("Fraud is the knowing misrepresentation of a material fact, or concealment of the same *when there is a duty to disclose*, done to induce another to act to his or her detriment." (citation omitted) (emphasis added)). Foster fails to even allege that NEOCC's counsel had any duty to disclose. He thus fails to establish any fraud via a failure to disclose. *See Anderson v. Berghuis*, No. 2:08-cv-10515, 2012 WL 5493598, at *2 (E.D. Mich. Aug. 31, 2012) (denying Rule 60(b)(3) motion where nonmovant had no duty to disclose), *report and recommendation adopted*, 2012 WL 5493587 (E.D. Mich. Nov. 13, 2012).

5

Second, Foster's argument that NEOCC's lawyers falsely stated that NEOCC is not a state agency fails for two reasons. First, the argument is another attempt to relitigate the issue of whether Ohio is a defendant in this case—an issue the Court has decided and will not revisit. (*See supra*, at 4.) Second, Foster fails to establish that NEOCC's argument was false. Obtaining relief under Rule 60(b)(3) based on an affirmative statement requires that the affirmative statement be false. *See e.g., CJPS Healthcare Supplies & Equip. v. Ansar Med. Techs., Inc.*, No. 12-cv-14885, 2014 WL 3708612, at *4 (E.D. Mich. July 28, 2014) (denying relief under Rule 60(b)(3) where movant provided no evidence that complained-of statement was false); *Othman v. City of Chicago*, No. 11-cv-5777, 2016 WL 612809, at *3 (N.D. Ill. Feb. 16, 2016) (denying relief under Rule 60(b)(3) "absent any proof that the [complained-of] trial testimony was actually false[.]"). Here, Foster provides no evidence that NEOCC is a state agency. Indeed, far from being a state agency, "NEOCC is a private prison owned and operated by CoreCivic." *Carey v. CoreCivic*, No. 4:23-cv-1386, 2024 WL 2115077, at *2 (N.D. Ohio May 10, 2024). Foster thus fails to identify any false statement made by NEOCC's counsel.

Foster fails to allege—much less establish by clear and convincing evidence—the type of misbehavior covered by Rule 60(b)(3). His Rule 60(b)(3) motion is **DENIED**.

    b. *Leave to Amend is Denied*

In support of his motion for leave to amend, Foster makes various arguments, many of which the Court previously rejected. The Court need not retread or parse through these arguments because, in light of the above analysis, this case remains closed. Accordingly, to obtain leave to amend, Foster must satisfy the requirements for reopening a case under Rules 59 or 60. *Leisure Caviar, LLC*, 616 F.3d at 616. Foster satisfies neither.

First, this Court has now twice held that Foster fails to establish entitlement to relief under Rule 60. (Doc. No. 34; *supra* § III(a).) That avenue is thus unavailable to him. *See C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, 807 F. App'x 534, 540 (6th Cir. 2020) (affirming denial of post-judgment leave to amend where movant's Rule 60 motion failed (citing, among authority, *Leisure Caviar, LLC*, 616 F.3d at 615)); *Zank Payment Processing, Inc. v. Custom Payment Consulting, Inc.*, No. 3:24-cv-314, 2025 WL 2405612, at *2 (E.D. Tenn. Aug. 19, 2025) (denying post-judgment amendment based on prior denial of motions under Rules 59 and 60).

Neither can Foster obtain a post-judgment amendment via Rule 59. A Rule 59 motion must be filed within 28 days of the entry of judgment. Fed. R. Civ. P. 59. Judgement in this case was entered in August of 2025 (Doc. No. 26), and the present motions were filed in October and November of 2025 (Doc. Nos. 35–37, 40.) Foster thus fails to establish entitlement to a post-judgment amendment via Rule 59. *See Epps v. Linder*, No. 1:19-cv-968, 2020 WL 6736833, at *1 (S.D. Ohio Nov. 17, 2020) (denying post-judgment motion to amend where movant failed to meet Rule 59's 28-day deadline), *report and recommendation adopted*, 2020 WL 7585605 (S.D. Ohio Dec. 22, 2020). Foster's motion for leave to amend is **DENIED**.

    *c. Leave to Serve Ohio is Denied*

The final relief sought by Foster is leave to serve his complaint upon the State of Ohio. (Doc. Nos. 35–36.) In light of this Court's prior analyses (Doc. No. 34; *supra* § III(a)), this case is closed, and Ohio is not a party to it. Foster provides no authority—and the Court is unable to locate any authority—for the proposition that a litigant in a closed case may serve a complaint upon a non-party, or that such service would have any legal effect. Accordingly, the Court **DENIES** Foster leave to serve the complaint upon Ohio.

7

*d. Foster is Admonished*

Foster has now filed seven failed post-judgment motions. (Doc. Nos. 27, 29–30, 35–37, 40.) Foster's repeated filing of meritless post-judgment motions diverts judicial resources and interferes with the orderly administration of justice. *See In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989) ("Every paper filed with the Clerk of [] Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources.") "[F]ederal courts have the inherent power to . . .[restrict] future access to the judicial system, to deter future frivolous . . . or duplicative [filings]." *Lawrence v. Bevin*, No. 1:16-cv-P161, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). The Court admonishes Foster to avoid filing further frivolous or duplicative documents. Otherwise, the Court will consider imposing sanctions, including designating Foster a restricted filer.

## IV. CONCLUSION

Foster fails to establish entitlement to relief from judgment under Rule 60, to leave to amend his pleading, or to any other relief. Accordingly, Foster's motions (Doc. Nos. 35–37, 40) are **DENIED**.

**IT IS SO ORDERED**.

Dated: December 23, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**